UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER JOE TYREE,<br><br>     Plaintiff,<br><br>  vs.<br><br>JOHN DOE 1, Correctional Officer,<br>South Dakota Department of<br>Corrections, in his individual capacity;<br>and JOHN DOE 2, Correctional Officer,<br>South Dakota Department of<br>Corrections, in his individual capacity,<br><br>     Defendants. | 4:25-CV-04139-CCT<br><br><br>**ORDER ON PLAINTIFF'S PENDING<br>MOTIONS (DOCKETS 5, 6, AND 7)** |

Plaintiff, Carter Joe Tyree, who is now incarcerated at the Federal Correctional Institution in Pekin, Illinois, commenced this pro se action under 42 U.S.C. § 1983 against two correctional officers at the South Dakota State Penitentiary. Docket 1. The Court screened Tyree's complaint under 28 U.S.C. § 1915A. Docket 4. Tyree's Fourteenth Amendment due process claim for failure to protect against John Doe 1 and John Doe 2 in their individual capacities for money damages survived § 1915A screening. *Id.* at 9. The Court directed Tyree to identify John Doe 1 and John Doe 2 so that the Clerk of Court may issue summonses and Tyree can arrange for service of the complaint on the defendants. *Id.* The Court now considers the motions Tyree

has filed since the Court's 1915A screening order was entered. *See* Dockets 5, 6, and 7.

## I.  Motion to Extend Time for Identification and Motion for Subpoena (Docket 5)

In accordance with Federal Rule of Civil Procedure 4(m), the Court notified Tyree that the "Court intends to dismiss without prejudice [his] claims against John Doe 1 and John Doe 2 if he does not identify and serve them within **90 days** of the date of th[e 1915A screening order] or demonstrate good cause for his failure to do so." Docket 4 at 9–10. The Court's screening order is dated April 10, 2026, which means that Tyree must identify and serve John Doe 1 and John Doe 2 on or before July 9, 2026. Tyree contends that there is good cause for a 90-day extension of his time to identify and serve defendants because "the Prison Mail System and US Mail System [are] so far behind and highly understaffed." Docket 5 at 1.

While mail delays can constitute good cause under Federal Rule of Civil Procedure 6(b)(1)(A) to extend a pro se prisoner's deadline, the Court typically does not extend deadlines due to anticipated or possible mail delays. Rather, the Court will extend a deadline when a pro se prisoner has demonstrated that mail delays have impeded the prisoner's ability to comply with a deadline. Additionally, the Court typically does not grant 90-day extensions due to mail delays. Instead, the Court will grant a reasonably short extension that corresponds with the length of the demonstrated mail delay. Nevertheless, because Tyree has filed a motion for subpoena, which this Court grants, there

2

is good cause for a 30-day extension of Tyree's time to identify and serve the defendants. Thus, Tyree's motion to extend, Docket 5, is granted in part.

Along with his motion for extension of time, Tyree filed two subpoenas duces tecum directed to the "South Dakota State Penitentiary Jamison [sic] Annex." Docket 5-1. The first subpoena duces tecum commands production of "[d]ocuments relating to C/O's on duty on 9/19/24 from 2pm–6[p]m, as to release their identity, relating to [the] incident report for [Tyree] being assaulted." *Id.* at 1. The second subpoena duces tecum commands production of "[d]ocuments to identify the officer responsible for assigning [Tyree] to cell, including date&time [he] was first assigned and who is responsible for PC/A-Floor." *Id.* at 3. As the Court understands Tyree's motion, he is requesting that the Clerk of Court issue the proposed subpoenas "to request these records form the prison for whom [he is] suing." Docket 5 at 1.

Federal Rule of Civil Procedure 45(a)(3) provides that the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Although attorneys authorized to practice in the District of South Dakota may issue and sign a subpoena, litigants proceeding pro se must request blank, signed subpoenas from the Clerk of Court. *Id.* Here, Tyree is not requesting that the Clerk issue blank, signed subpoenas for him to complete. Rather, Tyree requests that the Court direct the Clerk of Clerk to issue two subpoenas duces tecum he has already completed. Docket 5 at 1; Docket 5-1.

3

In general, Rule 45 does not permit a Court to review a proposed subpoena duces tecum and advise whether the scope of the requested information should be limited or narrowed or whether the subpoena may pose undue burden or expense on the non-party on whom the subpoena will be served. Some district courts in the Eighth Circuit require a pro se litigant proceeding in forma pauperis to submit along with a request for the United States Marshals Service to serve a subpoena duces tecum a memorandum explaining how the specified documents or other information are relevant to the plaintiff's claims and why the plaintiff believes the person or entity to be subpoenaed has possession of the documents to assist the court in exercising its inherent supervisory power over in forma pauperis subpoenas. *See, e.g.*, *Lee v. Durbin*, No. 4:22-CV-112 RLW, 2022 WL 4078869, at *1 (E.D. Mo. Sep. 6, 2022). A Court may exercise its inherent supervisory authority to protect the resources of the Court and the United States Marshals Service and to prevent harassment and undue expense of other parties and nonparties. *Id.* (citing *Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985)). *See also Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (stating that a court may refuse an indigent party's request to have the U.S. Marshals Service serve a subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, . . . or is otherwise unreasonable or abusive of the court's process[.]").

Tyree paid the full civil filing fee and has not been granted leave to proceed in forma pauperis. Neither the Court's nor the United States Marshals

Service's resources will be used to serve any subpoenas duces tecum. But because Tyree is proceeding pro se, the Court liberally construes his motion, Docket 5, as a request that the Clerk of Court issue signed, but otherwise blank, subpoenas duces tecum, which is granted. Rule 45(a)(3) provides that "[t]he clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3) (emphasis added). The Clerk of Court is directed to issue to Tyree two signed, but otherwise blank, subpoenas duces tecum. Tyree must then complete each of them in accordance with Rule 45(a)(1)(A) and arrange for the subpoenas to be served in accordance with Rule 45(b). Because Tyree seeks to serve subpoenas duces tecum on a non-party to assist him in identifying the Doe defendants, Tyree is not required to provide the Doe defendants with notice and a copy of the subpoenas duces tecum in accordance with Rule 45(a)(4).

## II.     Motion for Reconsideration (Docket 6)

Tyree moves for reconsideration of the dismissal of his claim for failure to provide adequate medical care. Docket 6. On screening, the Court dismissed Tyree's deliberate indifference to serious medical needs claim because Tyree did not allege any facts that John Doe 1 or John Doe 2 were aware of and deliberately disregarded a serious medical need. Docket 4 at 8–9.

In his motion for reconsideration, Tyree contends that it is "reasonable to infer that John Doe 1 would and in fact did do more rounds, knowing that [Tyree] had been assaulted and may need medical attention." Docket 5 at 1.

But Tyree does not allege that John Doe 1 did any further rounds after allegedly walking by Tyree's cell and observing Grahm assaulting Tyree. *See generally* Docket 1. According to Tyree's motion, there was "blood on [him] and on the floor, that John Doe 1 would have easily noticed as he looked in [Tyree's] cell[.]" Docket 6 at 2. Tyree's complaint does not allege that any blood was visible when John Doe 1 allegedly walked by Tyree's cell and observed Grahm assaulting him. *See generally* Docket 1. On screening, the Court must give the plaintiff the benefit of all favorable inferences from the facts alleged in the complaint, but the Court cannot assume facts that are not alleged. Although "pro se complaints are to be construed liberally," the Eighth Circuit Court of Appeals has held that "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Eighth Circuit has instructed:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Id.* at 915.

It is not permissible for a plaintiff to, in effect, amend his complaint to assert additional facts by filing a motion for reconsideration. If a plaintiff wants to assert additional facts, a motion for leave to file an amended complaint in accordance with Federal Rule of Civil Procedure 15 is the proper way to allege

6

additional facts in support of a claim. For these reasons, Tyree's motion to reconsider, Docket 6, is denied.

### III.    Motion to Admit News Article (Docket 7)

Tyree moves to admit a news article regarding his claim. Docket 7, Docket 7-1. Tyree asserts that the news article demonstrates that the South Dakota Department of Corrections "knowingly and intentionally" houses together inmates who are incompatible. Docket 7 at 1.

Tyree states that his motion is pursuant to Federal Rule of Civil Procedure 36. *Id.* Rule 36 provides in relevant part that

> [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> > (A)    facts, . . . ; and
> >
> > (B)    the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Rule 36 does not permit a party to request that the Court determine that any document is genuine or admissible in evidence. Further, there are no hearings scheduled, and no trial date. Thus, any request that the Court admit into evidence a document for any purpose is premature. Accordingly, Tyree's motion to admit, Docket 7, is denied without prejudice. After the defendants are served and appear, the Court will enter a scheduling order, and Tyree may serve discovery requests, including requests for admission, on defendants.

### IV.    Conclusion

For these reasons, it is ORDERED:

7

1. That Tyree's motion to extend, Docket 5, is granted in part. Tyree's time to identify and serve John Doe 1 and John Doe 2 is extended until **August 9, 2026**. If Tyree does not identify and serve John Doe 1 and John Doe 2 on or before **August 9, 2026**, and file proof of service with the Clerk of Court on or before **August 23, 2026**, or demonstrate good cause for his failure to do so, his claims against John Doe 1 and/or John Doe 2 will be dismissed without prejudice.

2. That Tyree's motion for subpoenas, Docket 5, is granted in part. The Clerk of Clerk will issue to Tyree two signed, but otherwise, blank subpoenas dues tecum. Tyree must complete the subpoenas duces tecum in accordance with Federal Rule of Civil Procedure 45(a)(1)(A) and arrange for service of the subpoenas in accordance with Federal Rule of Civil Procedure 45(b).

3. That the Clerk of Court will provide Tyree a copy of Federal Rule of Civil Procedure 45 along with this order.

4. That Tyree's motion for reconsideration, Docket 6, is denied.

5. That Tyree's motion to admit news article, Docket 7, is denied without prejudice as premature.

Dated June 8, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

8